IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| BRAD WOOTEN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 2:26-cv-96 |
| : | |
| VERISYS CORPORATION, : | |
| : | |
| Defendant. : | |
| : | |

**COMPLAINT**

Plaintiff Brad Wooten, through counsel, alleges as follows for his Complaint against Defendant Verisys Corporation:

**INTRODUCTION**

1. When enacting the Fair Credit Reporting Act (the "FCRA"), Congress found that consumer reporting agencies "have assumed a vital role in assembling and evaluating . . . information on consumers," which requires that they "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(3)–(4). To accomplish Congress' goal, the FCRA contains several requirements to protect consumers, including § 1681e(b)—a cornerstone provision of the statute.

2. Whenever a consumer reporting agency prepares a consumer report, § 1681e(b) requires it to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b). This section imposes a high, yet often disregarded, standard on credit reporting agencies. *See, e.g.*, *Burke v. Experian Info. Sols., Inc.*, No. 1:10–cv–1064, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b) and explaining that

"'assure' means 'to make sure or certain: put beyond all doubt,'" "'[m]aximum' means the 'greatest in quantity or highest degree attainable[,]' and 'possible' means something 'falling within the bounds of what may be done, occur or be conceived'" (quoting *Webster's Third New International Dictionary* 133, 1396, 1771 (1993))).

3. This case arises from inadequate procedures used by Verisys in response to requests it receives for employment background reports. In Mr. Wooten's case, Verisys provided another credit reporting agency, Sterling Infosystems, Inc., with a grossly inaccurate report that indicated that Mr. Wooten's Pennsylvania pharmacist license was suspended when, in fact, his license had been reinstated and was merely expired.

4. Sterling ultimately sold this inaccurate report to Mr. Wooten's potential employer.

5. Verisys's inaccurate reporting caused Mr. Wooten's potential employer to deny his employment application. That job was then filled with another candidate, causing Mr. Wooten to remain unemployed without income.

6. Verisys's inaccurate reporting violated the FCRA, § 1681e(b).

## JURISDICTION

7. The Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this District and Division.

## PARTIES

9. Plaintiff is a natural person and a "consumer" as defined and governed by the FCRA, 15 U.S.C. § 1681a(c).

10. Defendant Verisys is a Virginia corporation with its principal place of business located in Louisville, Kentucky. Verisys does business throughout the United States, including in Virginia.

11. Verisys is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f). For monetary fees, it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports for employment purposes to third parties, and uses interstate commerce, including the internet, to prepare and furnish such consumer reports.

12. Verisys sells consumer reports, also called background checks, to both employers and other consumer reporting agencies for use in hiring decisions. These reports include the prospective employee's licensure histories, which Verisys obtains from sources around the country.

## FACTUAL ALLEGATIONS

13. In or around November 2024, Mr. Wooten applied for employment with BrightSpring Health Services as a pharmacist with its subsidiary, PharMerica.

14. At the time that he applied, Mr. Wooten had an active pharmacist license in Virginia.

15. PharMerica offered Mr. Wooten employment on or about November 14, 2024, and Mr. Wooten accepted that offer on or about November 15, 2024.

16. That same day, PharMerica advised Mr. Wooten that his pending employment was contingent on a forthcoming background check.

17. PharMerica ordered Mr. Wooten's background report from Sterling on or about November 18, 2024.

18. To prepare its background report on Mr. Wooten, Sterling requested information about Mr. Wooten's pharmacist licenses from Verisys.

19. Verisys provided inaccurate information about Mr. Wooten's pharmacist licenses to Sterling, including that his Pennsylvania pharmacist license was suspended.

20. Verisys provided this information without undertaking any steps to ensure that the reporting was current or accurate.

21. Verisys could have easily done so. In fact, the Pennsylvania government maintains a Pennsylvania Licensing System (PALS) database that allows the public to search for the current license status of 29 different boards and commissions—for free and without requiring any log-in credentials. https://www.pals.pa.gov/#!/page/search (last visited Jan. 22, 2026).

22. Had Verisys visited the PALS website before providing its report, it could have easily verified that the information in its system about Mr. Wooten was incorrect.

23. Instead, Verisys provided an automated response to Sterling's request for Mr. Wooten's background report on the same day that Sterling requested it.

24. Again, this report was false, as it indicated that Mr. Wooten's Pennsylvania license was suspended.

25. To the contrary, Mr. Wooten's Pennsylvania's pharmacist license had been reinstated and was merely expired at the time he applied with PharMerica.

26. As a result of Verisys's inaccurate and misleading background report on Mr. Wooten, PharMerica denied Plaintiff's employment application.

**C. Allegations Regarding Verisys's Willfulness.**

27. Verisys violated the FCRA by using inadequate verification procedures in response to its customers' requests for employment background reports.

28. Verisys attributed licensure status information to Mr. Wooten even though relevant—and publicly available—records unequivocally indicated that Mr. Wooten did not have a suspended license.

29. Verisys's inaccurate reporting easily could have been prevented if it actually reviewed the relevant records relating to Mr. Wooten's licensure status, including those that were available publicly—for free—on the Internet.

30. Upon information and belief, instead of independently verifying information, Verisys blindly relies on bulk data that it receives on a set basis, rather than adopting procedures to ensure maximum accuracy, including checking the currency of those records before selling them to its customers.

31. Upon information and belief, Verisys reports out-of-date information that is subject to change (like licensure statuses) without confirming whether any changes have been made that would impact the accuracy of its reporting.

32. Upon information and belief, Verisys does not maintain or follow reasonable procedures for verifying such information because its current business model minimizes costs and maximizes profits, allowing Verisys to remain relevant and competitive in its market.

33. Verisys's willful conduct is further reflected by the following:

   a) The FCRA was enacted in 1970; Verisys has had decades to become compliant;

   b) Verisys is a corporation with access to legal advice through its own general counsel's office and outside employment counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

   c) Verisys knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

   d) Verisys voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

   e) Verisys's violations of the FCRA were repeated and systematic.

34. Verisys's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. Verisys's conduct was intentionally accomplished through its intended procedures; these procedures have continued even though other consumer reporting agencies have faced court decisions and consumer complaints critical of similar conduct; and Verisys will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## COUNT I – FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

35. Mr. Wooten incorporates the preceding allegations.

36. As described above, Verisys used inadequate procedures that failed to confirm the accuracy of licensure status on consumers' employment background reports.

37. This conduct violated § 1681e(b) of the FCRA because Verisys, through its inadequate procedures, failed to follow reasonable procedures to assure the maximum possible accuracy of the information that it published about consumers to its customers.

38. Mr. Wooten suffered real and actual harm and injury including the publication of false information about him to his potential employer.

39. In addition, Mr. Wooten was denied employment and lost income as a direct result of a failed background check.

40. Additionally, the rights at issue were determined by Congress to be important measures to ensure continued accuracy and completeness in Verisys's files and reports.

41. Verisys's conduct was willful, rendering it liable for actual and punitive damages under 15 U.S.C. § 1681n. In the alternative, the violation was negligent, rendering Verisys liable under 15 U.S.C. § 1681o.

42. As a result of these FCRA violations, Verisys is liable for actual damages, punitive damages, attorneys' fees, and costs under 15 U.S.C. § 1681n.

WHEREFORE, Mr. Wooten seeks actual, statutory, and punitive damages, as well as his attorney's fees and costs against the Defendant; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,
**BRAD WOOTEN**

By: */s/ Kristi C. Kelly*
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey Nash, VSB #84261
J. Patrick McNichol, VSB #92699
Matthew G. Rosendahl, VSB #93738
**KELLY GUZZO, PLC**
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572 – Telephone
(703) 591-0167 – Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
Email: pat@kellyguzzo.com
Email: matt@kellyguzzo.com

*Counsel for Plaintiff*